IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **Jeronimo Pablo Sanchez,**<br>Individually, and on behalf of all other<br>similarly situated employees,<br>c/o Ryu & Ryu, PLC,<br>301 Maple Ave West Ste 620<br>Vienna VA 22180,<br><br>and<br><br>**Manuela Gonzalez Ramirez,**<br>Individually, and on behalf of all other<br>similarly situated employees,<br>c/o Ryu & Ryu, PLC,<br>301 Maple Ave West Ste 620<br>Vienna VA 22180,<br><br>Plaintiffs,<br>-against-<br><br>**ZZIM USA, INC.,**<br>doing business as and also know as<br>SPA WORLD or LONG LIFE SPA<br>WORLD,<br>13830-A10 Braddock Road<br>Centreville, VA 20121,<br>**SERVE: SANG K LEE, President**<br>At 13830-A10 Braddock Road<br>Centreville, VA 20121,<br><br>AND<br><br>**SANG K LEE,**<br>4490 Market Commons Drive<br>Unit 710<br>Fairfax VA 22033,<br>Defendants. | Civil Action Number: 1:15-cv-893 (CMH/IDD)<br>Collective Action Claims<br><br>**JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiffs, Jeronimo Pablo Sanchez (hereinafter "Pablo") and Manuela Gonzalez Ramirez (hereinafter "Manuela"), by their attorneys, (Michael) Hyunkweon Ryu and the law firm of Ryu & Ryu, PLC, as and for their Complaint herein, allege and show to this Court the following:

### Nature of Action

1. Plaintiffs, former employees of Defendants ZZIM USA, INC. (doing business as and also known as SPA WORLD as well as LONG LIFE SPA WORLD, hereinafter "SPA WORLD") and Sang K. LEE, the owner, CEO and president of ZZIM USA, INC., submit this Complaint for themselves and also on behalf of other similarly situated employees alleging that Defendants willfully violated the minimum wage and overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, (the "FLSA").

### Jurisdiction

2. This Court has jurisdiction over the federal law claim asserted in this action under 28 U.S.C. §201 *et seq.*, including §§206, 207, 215 and 216, and 28 U.S.C. §1331.

### Venue

3. Venue is proper in this Court under 28 U.S.C. §1391(b) since Defendants have their place of business in this District, and the unlawful acts occurred herein.

### Parties

4. Plaintiffs Pablo and Manuela were at all times relevant hereto employees of Defendants.

5. Plaintiffs were at all times relevant hereto individuals employed in the State of Virginia by Defendants.

6. Plaintiffs were at all times relevant hereto non-exempt employees within the meaning of the FLSA, and the implementing rules and regulations of the FLSA.

2

7. Plaintiffs are filing this FLSA claim as an individual action for themselves and also on behalf of other similarly situated employees.

8. For the period commencing on or about January 2010, Plaintiff Pablo regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

   a) He worked 12 hours per day (sometimes 14 hours a day) for 6 days per week.

   b) He was paid initially $375 per week. He was later paid $400 per week, then $425 subsequently. He was paid $450 per week when he quit on or about April 2014.

   c) In 2014, Plaintiff Pablo was paid irregularly $10 per hour that he worked over 12 hours per day.

9. For the period commencing on or about December 26, 2009, Plaintiff Manuela regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week.

   a) She worked 12 hours per day (sometimes 14 hours a day) for 6 days per week.

   b) She was paid initially $350 per week. She was later paid $375 per week from sometime in 2010, then $400 per week in 2010. She was paid $425 from sometime in 2011. She was paid $450 per week from sometime in 2014 until she was forced to quit on or about April or May 2014.

10. During their employment for about 8 months in 2013 and 2014, Plaintiff Pablo worked 14 hours and Plaintiff Manuela worked 10 hours since they had a baby, and Plaintiff

3

Manuela needed to take care of the baby. Manager Young Mi KIM ("Erin KIM") authorized that work schedule.

11. Plaintiffs regularly worked more than 40 hours a week while employed by Defendants and were never paid the proper amount of overtime wages.

12. Plaintiffs performed manual labor for Defendants, as laundry persons, washing, drying and folding towels, and spa uniforms for guests.

13. While Plaintiffs were performing their job duties, they regularly handled laundry detergent, towels, spa uniforms for guests, washers and dryers.

14. The said laundry detergent, towels, spa uniforms for guests, washers and dryers were made or produced in states other than Virginia or in foreign countries such as Korea and China for the sale for interstate commerce and later shipped or imported through interstate commerce to Virginia and eventually Defendants for their Korean style spa (also called "Zzim Zil Bang") business.

15. Plaintiffs were not required to possess any specialized skills in order to do the assigned work for Defendants.

16. Plaintiffs did not have to supply their own tools and equipment in connection with their work for Defendants.

17. Plaintiffs were required to report to work for Defendants at a certain time.

18. Plaintiffs could not set their own hours of work for Defendants.

19. Defendant, SPA WORLD, is and was at all times relevant hereto a Virginia Corporation with its place of business in Virginia at 13830-A10 Braddock Road, Centreville, VA 20121.

20. Defendant, SPA WORLD, is registered with the state of Virginia with its registered agent: Sang K. Lee at 4490 Market Common Dr., Unit 710, Fairfax, VA 22033.

21. Defendant, SPA WORLD, is and was at all times relevant hereto engaged in the business of Korean style spa.

22. Defendant, SPA WORLD, is and was at all times relevant hereto engaged in the said Korean Style spa business to the guests from the states of Virginia, Maryland, North Carolina, Pennsylvania, Texas, California, New York and New Jersey.

   a) Defendants advertised SPA WORLD in Korean yellow pages and daily and weekly newspapers distributed in the States of Virginia and Maryland.

   b) Guests from Maryland, Pennsylvania, New York and New Jersey came to SPA WORLD driving several hours.

   c) Guests from Maryland, Pennsylvania, New York and New Jersey often slept over in SPA WORLD, particularly, in the great room (also known as the hall) and a separate sleeping room that was provided by Defendants for sleeping.

23. Defendant, SPA WORLD, is and was at all times relevant hereto engaged in the interstate commerce in, but without being limited to, the following manners.

   a) Defendant advertised SPA WORLD in Korean yellow pages and daily and weekly newspapers distributed in the States of Virginia and Maryland.

   b) Defendant hosted guests from Maryland, Pennsylvania, New York and New Jersey.

   c) Defendant used disposable razors, body soaps, shampoos, laundry detergents, cleaning detergents and supplies, towels, mats, spa uniforms for guests, air purifiers, water purifiers, lockers, fixtures, and food ingredients, which were made or produced in states other than Virginia or in foreign countries such as Korea and China for the sale for interstate commerce and later shipped or imported through interstate commerce to Virginia and eventually Defendant for their Korean style spa business.

5

  d) Defendant accommodated the said guests from Maryland, Pennsylvania, New York and New Jersey for overnight stay at SPA WORLD for their interstate travel.

  e) Further, at least two employees of Defendant engaged in one of the following activities:

   i. using a telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state;

   ii. unloading goods or materials which came from an out of state supplier; and

   iii. using an electronic device which authorizes a credit card purchase.

24. At all times relevant hereto (i.e., during Plaintiffs' employment), the annual gross sale of Defendant SPA WORLD exceeds and exceeded $500,000.00.

25. Defendant Sang K. Lee was at all times hereto relevant the President and CEO of the corporate Defendant SPA WORLD.

26. Defendant Sang K. Lee managed, supervised, established and administered the terms and conditions of Plaintiffs' employment.

27. Defendant Sang K. Lee participated in and approved of the unlawful pay practices of the corporate Defendant SPA WORLD.

28. Defendant Sang K. Lee was involved in assigning work to Plaintiffs.

29. Defendant Sang K. Lee had the power and authority to discipline Plaintiffs.

30. Defendant Sang K. Lee exercised authority over the terms and conditions of Plaintiffs' employment and how much and the manner in which Plaintiffs were paid.

31. Defendant Sang K. Lee hired Plaintiffs.

32. Defendant Sang K. Lee was in charge of paying employees.

33. Defendant Sang K. Lee told Plaintiffs where to work and when to work.

34. Defendants, during all times relevant hereto, were subject to the FLSA due to the nature of their business and revenues earned.

35. Defendants provided the tools and equipment and materials for Plaintiffs to do their job with Defendants.

36. Defendants held Plaintiffs out as an employee.

37. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and damages alleged herein.

38. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

39. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

40. Defendants employed and paid Plaintiffs as their employee.

41. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

42. Defendants failed to pay Plaintiffs the minimum wages.

43. Defendants failed to pay Plaintiffs for overtime compensation for hours worked in excess of 40 hours per workweek.

44. Defendants do not have good faith basis for their failure to properly pay Plaintiffs for the minimum wages.

45. Defendants do not have good faith basis for their failure to properly pay Plaintiffs for overtime wages.

46. Defendants' failure to properly pay Plaintiffs for the minimum wages was willful.

47. Defendants' failure to properly pay Plaintiffs for the overtime wages was willful.

48. No exemption from overtime wages applied to Plaintiffs' employment with Defendants.

49. Upon information and belief, Defendants never obtained legal advice that its overtime pay practices and/or policies were compliant with federal wage-hour laws prior to the initiation of the investigation by the U.S. Department of Labor around October 2013.

50. Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

51. No exemption from overtime applies or applied to Plaintiffs when he worked or works more than 40 hours in a workweek for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs and others similarly situated worked as manual laborers for Defendants.

53. The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and others similarly situated wages reflecting the federal minimum wage rate for each hour worked and overtime wages for hours worked over forty (40) within a single workweek.

54. Defendants knew that Plaintiffs and similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others to work more than forty (40) hours per week.

55. Defendants knew or should have known that Plaintiff and those similarly situated were entitled to the overtime and minimum wage for all hours worked.

56. Pursuant to the FLSA, Plaintiffs commence this collective action against Defendants on behalf of themselves and those similarly situated for the payment of wages owed

reflecting the federal minimum wage rate for all hours worked and an overtime rate of not less than one and a half (1.5) times the regular rate of pay.

57. Plaintiffs consent to be party plaintiffs in this matter; Plaintiffs' consent forms are attached to this complaint as Exhibit A. It is likely that other individuals will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

58. There are numerous similarly situated current and former employees of Defendants that have been harmed by Defendants' common scheme to underpay their employees and violate the FLSA.

59. These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

60. Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit; upon information and belief, others will choose to join Plaintiffs in this action against Defendants and opt in to this lawsuit to recover unpaid wages and other available relief.

**Count I: Minimum Wage Violation under FLSA**

61. All allegations of this Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

62. Plaintiffs are entitled to the minimum wage under the Fair Labor Standards Act, 29 U.S.C. §206.

63. Defendants violated the provision of the Fair Labor Standards Act by willfully failing and refusing to pay Plaintiffs all minimum wage due to them under the FLSA and its implementing regulations.

64. Plaintiffs have been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

65. By reason of the aforesaid violations of the FLSA, Defendants are jointly and severally liable to Plaintiffs in an amount equal to the unpaid minimum wage, which is $7.25 per hour for all relevant times hereto, an equal amount to the unpaid minimum wage in the form of liquidated damages, attorney's fees, costs, and pre-and post judgment interest.

### Count II: Overtime Violation under FLSA

66. All allegations of this Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

67. Plaintiffs are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. §207.

68. Defendants violated the provisions of the Fair Labor Standards Act by willfully failing and refusing to pay Plaintiffs all overtime compensation due to them under the FLSA and its implementing regulations.

69. Plaintiffs have been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

70. By reason of the aforesaid violations of the FLSA, Defendants are jointly and severally liable to Plaintiffs in an amount equal to the unpaid overtime, which is at the rate of not-less-than one and one-half (1.5) times of Plaintiffs regular hourly wage rates, an equal amount to the unpaid overtime wages in the form of liquidated damages, attorney's fees, costs, and pre-and post judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated, pray for the following relief:

a) Designation of this action as a collective action on behalf of Plaintiffs and others similarly situated;

b) Judgment against Defendants jointly and severally for their failure to pay Plaintiffs and others similarly situated in accordance with the standards set forth by the FLSA;

c) An award for Plaintiffs and others similarly situated against Defendants jointly and severally in an amount equal to the unpaid minimum wage owed, which is $7.25 per hour for all relevant times hereto, to Plaintiffs and others similarly situated;

d) An award for Plaintiffs and others similarly situated against Defendants jointly and severally in an amount equal to the unpaid minimum wage in the form of liquidated damages;

e) An award for Plaintiffs and others similarly situated against Defendants jointly and severally for the amount of the unpaid overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiffs and others similarly situated regular hourly rate for all overtime hours worked, to Plaintiffs and others similarly situated;

f) An award for Plaintiffs and others similarly situated against Defendants jointly and severally of an amount equal to the total amounts of unpaid overtime wages owed to Plaintiffs and others similarly situated in the form of liquidated damages;

g) An award for Plaintiffs and others similarly situated against Defendants jointly and severally of reasonable attorneys' fees and all costs, plus pre- and post judgment interest, to be satisfied in full by Defendants jointly and severally;

h) Leave to add others similarly situated, opt-in parties, as additional plaintiffs through the filing of consent forms; and

i) All further relief deemed just and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiff and those similarly situated.

                                            Respectfully submitted,
                                            By Jeronimo Pablo Sanchez, and
                                            Manuela Gonzalez Ramirez,

Through their counsel:
Ryu & Ryu, PLC
Attorney for Plaintiffs

_____
(Michael) Hyunkweon Ryu
301 Maple Ave West
Suite 620
Vienna VA 22180


Dated: __7/1__, 2015