IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| JERONIMO PABLO SANCHEZ, <br> and <br> MANUELA GONZALEZ RAMIREZ <br>    Plaintiffs, <br> <br> v. <br> <br> ZZIM USA, INC., d/b/a SPA WORLD <br> <br> and <br> <br> SANG K. LEE, <br> <br>    Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civil Action No. 1:15-CV-0893-CMH-IDD |

## ANSWER AND GROUNDS OF DEFENSE

COMES NOW the Defendants, ZZIM USA, INC. d/b/a Spa World, and SANG K. LEE, by their counsel, and provide the following answer and grounds of defense to the Complaint filed by the Plaintiffs, JERONIMO PABLO SANCHEZ and MANUELA GONZALEZ RAMIREZ, as follows:

1. In response to the allegations contained in paragraph 1, the Defendants admit that Plaintiffs were former employees of separate and distinct subdivisions of ZZIM USA, Inc., but deny all other allegations contained therein. Strict proof thereof is demanded.

2. The Defendants admit the allegations contained in paragraphs 2, 12, 13, 14, 15, 16, 19, 20, 22, 23, 25, 26, 35, 36, 40, 41, and 53.

3. The Defendants admit the allegations contained in paragraph 3, but deny there were any unlawful acts committed.

4. In response to the allegations contained in paragraph 4, the Defendants admit that the Plaintiffs were, at certain times, employed by the Defendant ZZIM USA, Inc. All other allegations are denied, and strict proof thereof is demanded.

5. In response to the allegations contained in paragraph 5, the Defendants admit that the Plaintiffs were, at certain times, employed by the Defendant ZZIM USA, Inc. in the State of Virginia. All other allegations are denied, and strict proof thereof is demanded.

6. In response to the allegations contained in paragraph 6, the Defendants state that the Plaintiffs were non-exempt employees at the time they were employed by Defendant ZZIM USA, Inc. All other allegations are denied, and strict proof thereof is demanded.

7. In response to the allegations contained in paragraph 7, the Defendants deny there is any factual or legal basis to assert claims on behalf of similarly situated employees, or that any such employees exist.

8. The allegations contained in paragraphs 8 and 9 are denied, and strict proof thereof is demanded.

9. In response to the allegations contained in paragraph 10, the Defendants state the Plaintiffs requested certain specific hours of work from management at Defendant ZZIM USA, Inc. All other allegations are denied, and strict proof thereof is demanded.

10. The allegations contained in paragraphs 11 are denied, and strict proof thereof is demanded.

11. In response to the allegations contained in paragraph 17, the Defendants state the Plaintiffs arrived at Defendant ZZIM USA, Inc.'s offices at specific times, but deny all other allegations and demand strict proof thereof.

12. In response to the allegations contained in paragraph 18, the Defendants state the Plaintiffs scheduled their available times through their respective supervisory employees at Defendant ZZIM USA, Inc. and deny all other allegations and demand strict proof thereof.

13. In response to the allegations contained in paragraph 21, the Defendants state that Defendant ZZIM USA, Inc. operated a spa facility, and deny all other allegations and demand strict proof thereof.

14. The allegations contained in paragraphs 24, 27, and 28 are denied, and strict proof thereof is demanded.

15. In response to the allegations contained in paragraph 29, the Defendants state Sang Lee had the ultimate power in hiring and firing employees such as the Plaintiffs, but that the day-to-day management of the Spa World facility was performed by the management staff, who possessed the power and authority to discipline the Plaintiffs.

16. In response to the allegations contained in paragraph 30, the Defendants state Sang Lee exercised final authority over the terms and conditions of Plaintiffs' employment, but that the specific terms and conditions were established by the management staff at Spa World.

17. In response to the allegations contained in paragraph 31, the Defendants state Sang Lee exercised final authority over the personnel hired at Spa World, but that the management staff were responsible for the actual hiring of the Plaintiffs.

18. In response to the allegations contained in paragraph 32, the Defendants state Sang Lee exercised final authority to disburse payments to employees, but that the management staff were responsible for running payroll, performing bookkeeping, and making payments to employees at Spa World.

19. In response to the allegations contained in paragraph 33, the Defendants state Sang Lee exercised final authority over personnel, but that the management staff were responsible for directing the Plaintiffs to the locations within the facility and the times the Plaintiffs worked.

20. In response to the allegations contained in paragraph 34, the Defendants state that the FLSA is a federal law which applies to business facilities in the United States. All other allegations are denied, and strict proof thereof is demanded.

21. The Defendants deny the allegations contained in paragraphs 37, 38, 39, and 42-47 and demand strict proof thereof.

22. In response to the allegations contained in paragraph 48, the Defendants state that they do not have sufficient information to admit or deny whether either of the Plaintiffs were exempt from the overtime wage requirements, so the same allegations are denied, and strict proof thereof is demanded.

23. The allegations contained in paragraph 49 are written upon information and belief, concern privileged conversations between Defendants and counsel, and as such, are denied and strict proof thereof is demanded.

24. The allegations contained in paragraph 50 are denied, insofar no time period is specified for which Defendants obtained written guidance from the U.S. Department of Labor regarding pay practices and policies.

25. In response to the allegations contained in paragraph 51, the Defendants state that they do not have sufficient information to admit or deny whether either of the Plaintiffs were exempt from the overtime wage requirements, so the same allegations are denied, and strict proof thereof is demanded.

26. In response to the allegations contained in paragraph 52, the Defendants admit the Plaintiffs worked manual labor for a portion of their employment with Defendant ZZIM USA, Inc., but deny all other allegations, and demand strict proof thereof.

27. In response to the allegations contained in paragraph 54, the Defendants state during the course of their employment, the Plaintiffs may have worked in excess of 40 hours per week. All other allegations are denied, and strict proof thereof is demanded.

28. The Defendants deny the allegations contained in paragraph 55, and strict proof thereof is demanded.

29. The allegations contained in paragraph 56 are a statement of law, and as such require no response. However, to the extent required, the Defendants deny the Plaintiffs or any other persons are entitled to wages or overtime wages, and demand strict proof thereof.

30. The allegations contained in paragraph 57 provide a statement the Plaintiffs consent to be party plaintiffs, but do not allege any claims against the Defendants and require no response. However, to the extent required, the Defendants deny the Plaintiffs may form a collective action, deny that other individuals may opt into a collective action, deny the Plaintiffs are entitled to any sums of regular or overtime wages.

31. The allegations contained in paragraphs 58, 59, and 60 are denied, and strict proof thereof is demanded.

32. In response to the allegations contained in paragraph 61, the Defendants incorporate their responses to paragraphs 1 through 60 above, as if fully stated.

33. The allegations contained in paragraphs 62, 63, 64, and 65 are denied, and strict proof thereof is demanded.

- 6 -

34. In response to the allegations contained in paragraph 66, the Defendants incorporate their responses to paragraphs 1 through 65 above, as if fully stated.

35. The allegations contained in paragraphs 67, 68, 69, and 70 are denied, and strict proof thereof is demanded.

Having fully answered the Complaint, the Defendants respectfully submit the following Defenses.

By way of further defense, the Defendant sets forth the following defenses:

### FIRST DEFENSE

1. The statute of limitations bars any claims sought prior to July 10, 2013.

### SECOND DEFENSE

2. The Plaintiff, Manuela Gonzalez Ramirez, presented a forged U.S. Social Security Card to the Defendant in order to obtain her employment and receive pay unlawfully. This document falsely represented that she possessed proper legal status in the United States.

### THIRD DEFENSE

3. The Plaintiffs entered into an agreement by and through the U.S. Department of Labor which governs all of the rights and remedies, which prevents them from filing this claim, for a period of time sought or as members to qualify for a collective action.

### FOURTH DEFENSE

4. The Plaintiffs settled any and all claims with the Defendants through their administrative remedies.

### FIFTH DEFENSE

5. The Plaintiffs are collaterally estopped from pursuing this action based upon their actions and false representations made to the Defendants.

## SIXTH DEFENSE

6. The Plaintiff's claim for liquidated damages should be dismissed, as there were no willful or intentional acts committed by the Defendants.

## SEVENTH DEFENSE

7. The Plaintiffs voluntarily or involuntarily waived their right to recover back wages from the Defendants, by virtue of their participation in the Department of Labor settlement.

## EIGHTH DEFENSE

8. The Plaintiffs failed to state a cause of action upon which relief may be granted, as to the collective action portion of this complaint.

WHEREFORE, the foregoing premises considered, the Defendants respectfully request this Court dismiss the Plaintiff's Complaint, deny the Plaintiffs any of the relief sought in his Complaint, award the Defendants their attorneys' fees and costs incurred in responding to this action, and such further relief as this Court deem just and proper.

Respectfully Submitted,

ZZIM USA, INC.
SANG K. LEE
By Counsel

MacDOWELL LAW GROUP, P.C.

/s/ Richard F. MacDowell, Jr.
Richard F. MacDowell, Jr.
Counsel for Defendants
10500 Sager Avenue, Suite F
Fairfax, Virginia 22030
(703) 591-1336
(703) 591-2253
rfm@macdowelllaw.com
VSB#21083

- 8 -

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Answer and Grounds of Defense was filed electronically using the ECM system, and mailed, first-class, postage prepaid this 22nd day of October, 2015 to Michael Ryu, Ryu & Ryu P.C., 301 Maple Avenue West, Suite 620, Vienna, Virginia 22180, Counsel for Plaintiff.

                                                                                                      /s/ Richard F. MacDowell, Jr.
Richard F. MacDowell, Jr.